UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**BARRETT B. DALY and DENA FAIR JACKSON DALY**                **PLAINTIFFS**

**V.**                                      **CIVIL ACTION NO.1:06CV998 LTS-RHW**

**USAA CASUALTY INSURANCE COMPANY**                          **DEFENDANT**

## MEMORANDUM OPINION

The Court has before it Defendant USAA Casualty Insurance Company's (USAA) motions to dismiss [15] the complaint and for sanctions [14] for plaintiffs' failure to respond to the Court's prior orders [10][13] concerning discovery.  For the reasons set out below, these motions will be granted.

This is an action seeking insurance benefits for property damage sustained during Hurricane Katrina.  According to the allegations of the complaint, the plaintiffs insured various residential properties on the Mississippi Gulf Coast with USAA starting in 1999.  Between 1999 and 2003, the plaintiffs were late in paying the premiums on these policies on many occasions, and USAA accepted these late payments.  The complaint alleges that the USAA policies in effect between 1999 and 2003 included wind and hail coverages.

In 2003 USAA issued the plaintiffs a policy without wind and hail coverage.  This new policy was issued after the plaintiffs made late payments on their pervious USAA policy, a policy that did include wind and hail coverage.  The plaintiffs contend that because USAA accepted late payments on its previous policies it was estopped from issuing a new policy, one without wind and hail coverage, in June 2003.  The policy USAA issued to the plaintiffs in 2003 (the policy without wind and hail coverage) was apparently renewed at least once between its inception in June 2003 and the time of Hurricane Katrina.

There is no copy of the USAA policy that was in effect at the time of Hurricane Katrina in this record, but the pleadings and exhibits indicate that the USAA policy in effect at the time of Hurricane Katrina did not include coverage for wind and hail damage.  There is no allegation that the plaintiffs were unaware that their USAA policy excluded wind and hail coverage, and there is no indication that plaintiffs sought any additional coverage from USAA prior to the storm.

The plaintiffs have failed to make the Rule 26(a) disclosures required by the local rules.  The Court has ordered [10][13] plaintiffs to make these disclosures on two occasions.  Plaintiffs have offered no explanation for their failure to comply with these orders or for their failure to make the required disclosures when they were due.

Based on all of this, I am of the opinion that this action should now be dismissed pursuant to Rules 12(b)(6) and 37 F.R.Civ.P. This defense has been raised by USAA in its answer to the complaint.

Since the USAA policy in question apparently excludes wind and hail damage, I cannot envision any set of facts the plaintiffs could establish in support of their claim that would entitle them to the relief they have requested. Having accepted and renewed a policy of insurance that excluded wind and hail coverage, the plaintiffs are not in a position to make a valid claim against their insurer for wind damage during Hurricane Katrina. Thus, the complaint is subject to dismissal under Rule 12(b)(6) F.R.Civ.P. for failure to state a claim upon which relief may be granted.

Further, the plaintiffs' unexplained failure to comply with the Court's orders for disclosure are also independently sufficient to justify dismissal of this action under Rule 37 F.R.Civ.P. *Thompson v. Northrup Grumman Ship Systems*, 2005 WL 1593943 (S.D. Miss.)

An appropriate order will be entered.

**DECIDED** this 17th day of July, 2007.

                                                 s/ <u>L. T. Senter, Jr.</u>
                                                 L. T. SENTER, JR.
                                                 SENIOR JUDGE